[No. A078653. First Dist., Div. Four. Sept. 30, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
MACK CRAIG, JR., Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part C of the discussion.

**COUNSEL**

Georgetta Beck, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General,

Catherine A. Rivlin and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**POCHÉ, J.**—In this case we must decide whether a criminal defendant who has successfully appealed from a prior conviction may, upon retrial, be sentenced to a greater term for the offense, provided that his aggregate term, which includes time for enhancements, does not exceed that imposed at his initial sentencing.

This appeal is defendant's second. In 1994 defendant was convicted after jury trial of first degree burglary. (Pen. Code, § 459.) He was sentenced to twenty-seven years: the mitigated term of two years for the burglary and five years for each of five prior serious felony convictions (Pen. Code, § 667). We reversed that conviction in 1996 because evidence of his spontaneous utterances at the scene of the crime was improperly excluded.[1]

After retrial before the same judge defendant was found guilty once more of first degree burglary. Although five serious felony priors were again alleged, only three of them were found true at the second trial. Defendant was sentenced to a term of nineteen years: the midterm of four years for the burglary and five years for each of the three prior serious felony convictions.

At the 1994 sentencing hearing, the prosecution stated that the defendant was a "career criminal," and asked the court to invoke the midterm of four years. Instead the judge chose to impose the mitigated term of two years on the burglary, stating that, "the basis for the mitigated range is Mr. Craig did not perjure himself in this trial."

At sentencing in 1997 the prosecution once again pointed out that appellant had a significant criminal record, but this time asked the court to impose the aggravated term of six years. In explaining why he chose to impose the midterm instead of the mitigated term originally imposed the judge stated, "Let the record show that in the first trial, there were five[,] five-year priors. I felt that 29 years would be excessive in relation to the background of this defendant and also in relation to the facts of the case; and that was why I chose the mitigated range of two years, giving Mr. Craig 27 years. [¶] However, in my sentencing of Mr. Craig after the second trial, I found that

---

[1]*People* v. *Craig* (Apr. 29, 1996) A068081 (nonpub. opn.).

if I were to give Mr. Craig two years, the mitigated range on the burglary, it would be way too light in relation to the facts of the case, in relation to his background and that was why the court chose the mid term of four years."

On appeal defendant contends it was impermissible under the due process clause of our federal Constitution and under the double jeopardy provisions of our state Constitution for the trial court at the second sentencing to impose four years for the burglary when at the initial sentencing it had imposed only two years for that offense.

## Discussion

■    As will become clear in our discussion of California's application of its double jeopardy provision set out below the protections afforded by our state Constitution are broader than those afforded by the federal Constitution. (*People* v. *Monge* (1997) 16 Cal.4th 826, 844 [66 Cal.Rptr.2d 853, 941 P.2d 1121].) Moreover, one of the consistent concerns of our state courts in looking at double jeopardy issues in the context of a sentence imposed after a successful appeal has been the related due process concern of whether an increased punishment reflects a vindictive retaliation for defendant's having taken a successful appeal. (*North Carolina* v. *Pearce* (1969) 395 U.S. 711, 725-726 [89 S.Ct. 2072, 2080, 23 L.Ed.2d 656]; *People* v. *Collins* (1978) 21 Cal.3d 208, 216 [145 Cal.Rptr. 686, 577 P.2d 1026].) Accordingly our discussion though framed as an issue of double jeopardy subsumes both defendant's double jeopardy and due process claims.

### A.  *Double Jeopardy*

Relying upon the double jeopardy provision of our state Constitution (Cal. Const., art. I, § 15),[2] our Supreme Court in 1963 held that a defendant, after pleading guilty to murder, who had successfully overturned his conviction on appeal could not be sentenced to death upon his reconviction of the crime. (*People* v. *Henderson* (1963) 60 Cal.2d 482, 495-497 [35 Cal.Rptr. 77, 386 P.2d 677].) Justice Traynor noted the cruel choice a defendant must otherwise make between accepting an erroneous conviction or appealing from it at the risk of incurring greater punishment. (*Id.* at p. 496.) Therefore, "[s]ince the state has no interest in preserving erroneous judgments, it has no interest in foreclosing appeals therefrom by imposing unreasonable conditions on the right to appeal." (*Id.* at p. 497.)

---

[2]That section provides: "Persons may not twice be put in jeopardy for the same offense . . . ." The present article I, section 15 was article I, section 13 at the time of the *Henderson* decision.

Subsequently the court cited *Henderson* in support of its holding that where a judgment for concurrent sentences had been vacated on appeal it was impermissible after retrial to impose consecutive sentences for the same offenses. (*People* v. *Ali* (1967) 66 Cal.2d 277, 281-282 [57 Cal.Rptr. 348, 424 P.2d 932].)

In 1969 Justice Traynor once again authored an opinion in which he applied the rule of *Henderson.* In *People* v. *Hood* (1969) 1 Cal.3d 444 [82 Cal.Rptr. 618, 462 P.2d 370] the defendant was found guilty of (count I) assault with a deadly weapon on a peace officer and (count III) assault with intent to murder the same officer. (At p. 447.) After reversing the convictions for instructional error the court noted that since the trial court had stayed execution of sentence on count I and ordered the defendant to serve the maximum term of 14 years on count III, the maximum term to which he could be sentenced were he to be retried and found guilty of one or both counts was 14 years. (*Id.* at p. 459.) In doing so the court expressly found this result was required "[t]o preclude penalizing [the defendant] for appealing. . . ." (*Ibid.*)

In 1978 the court had another occasion to rely upon the principles of double jeopardy in *People* v. *Collins* (1978) 21 Cal.3d 208 [145 Cal.Rptr. 686, 577 P.2d 1026]. After being indicted on some 15 counts, Collins pled guilty to 1 count of oral copulation but was committed to a state hospital after he was found to be a mentally disordered sex offender. (*Id.* at p. 211.) During his commitment the crime to which he had pled guilty was decriminalized. Collins was found to no longer pose a risk to himself or others and was sentenced for the oral copulation. (*Id.* at pp. 211-212.) On appeal the Supreme Court looked to the need to preserve the plea agreement. To do so it permitted the People to revive one or more of the dismissed charges, but held that should Collins be reconvicted he could be sentenced to no greater term than that he could have received under his plea agreement. (*Id.* at pp. 216-217.)

From these cases comes the rule that after successful appeal of a conviction a defendant may not upon reconviction be subjected to an aggregate sentence greater than that imposed at the first trial. (See *People* v. *Monge, supra,* 16 Cal.4th at p. 877 (dis. opn. of Werdegar, J.).) It stands as an instance in which the state double jeopardy clause provides broader protections than those accorded by our federal Constitution. (*Id.* at p. 844.) ▇ This rule was not transgressed by the sentence imposed upon defendant because his aggregate sentence was reduced from 27 to 19 years. What defendant objects to is that the term for his burglary increased from two years to four.

## B. *Unlawful or unauthorized sentences*

█ A case falls outside the rule of *Henderson* when it involves an unauthorized or illegal sentence. When such a sentence is set aside on appeal a correct, even if more severe, sentence may be imposed upon retrial without offending the principles of double jeopardy. (*People* v. *Panizzon* (1996) 13 Cal.4th 68, 88 [51 Cal.Rptr.2d 851, 913 P.2d 1061]; *People* v. *Serrato* (1973) 9 Cal.3d 753, 764-765 [109 Cal.Rptr. 65, 512 P.2d 289], overruled on another ground in *People* v. *Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1 [189 Cal.Rptr. 855, 659 P.2d 1144].) As the court in *Serrato* explained ". . . a defendant who successfully attacks a judgment which is in excess of the court's jurisdiction is not necessarily entitled to claim the protection of that invalid judgment as an absolute limitation upon what the court may do thereafter." (*People* v. *Serrato, supra,* at p. 765.) Or as one Court of Appeal has described it, the *Serrato* exception protects the People's right to the imposition of mandated, lawful sentences. (*People* v. *Price* (1986) 184 Cal.App.3d 1405, 1413 [229 Cal.Rptr. 550].)

█ Defendant relies upon two cases for his contention that the protections of double jeopardy extend to each component of a sentence. In his view double jeopardy protects him from receiving a midterm sentence for the burglary in place of the mitigated term he initially received for that crime.

█ In *People* v. *Jones* (1994) 24 Cal.App.4th 1780 [30 Cal.Rptr.2d 238] defendant was convicted of voluntary manslaughter with a personal weapon use enhancement. After his conviction was reversed for instructional error and the People elected not to retry him, he was sentenced to a term for involuntary manslaughter with gun use for an aggregate term of seven years, rather than the ten to which he had initially been sentenced. (*Id.* at p. 1782.) At the initial sentencing, restitution was ordered in the amount of $1,000, which was increased at the second sentencing to $5,000. (*Ibid.*) On appeal defendant contended the imposition of a greater monetary fine offended double jeopardy. Terming the question to be how to determine which of two sentences—both of which consist of temporal and monetary components—is "greater" than the other, the court chose to deal with each component separately. Accordingly, it applied the rule of *Henderson* to hold that the monetary component of a sentence could not after a successful appeal be increased at resentencing. (*Id.* at p. 1785.) We do not read the case to establish a general rule requiring a count-by-count analysis of a sentence, but instead to establish the commonsense rule that when a sentence is a mix of time and money each must be measured against like components of the earlier sentence for the purposes of determining whether the aggregate sentence has been increased.

■ The only case which seems to support defendant's notion of the sentence as a series of components for double jeopardy purposes is *People* v. *Price, supra,* 184 Cal.App.3d at page 1413. In that case the defendant was convicted of multiple counts and sentenced to 35 years in state prison. He appealed contending there had been various sentencing errors. The appellate court concurred, remanding for resentencing. The defendant was resentenced, but now to a term of 50 years in state prison; once more he appealed. Most of the increased sentence was characterized by the appellate court as being the result of corrections to an unauthorized or unlawful sentence. (*Id.* at pp. 1409-1412.)

Price had been convicted of two counts of robbery. At his initial sentencing he had received the three-year midterm for each count. At resentencing Price was sentenced to the upper five-year term on one robbery count. The appellate court, noting that the robbery term had neither been attacked on appeal nor criticized in its earlier opinion as unlawful, found the robbery term had been impermissibly increased by two years in violation of the bar of double jeopardy. (*People* v. *Price, supra,* 184 Cal.App.3d at p. 1413.)

What defendant does not acknowledge about *Price* is that the case as a whole falls into the exception for unauthorized or unlawful sentences. Price's resentence even after it was modified by the appellate court was a sentence of 47 years, considerably in excess of his initial sentence of 35 years. In short, *Price* is an example of the exception to the general rule of *Henderson* that an unlawful or unauthorized sentence may be increased without offending double jeopardy. The *Price* court, however, carefully tailored that exception to the facts before it, according defendant the benefit of double jeopardy protection for the portions of his sentence which were not unlawful or unauthorized. Accordingly, *Price* is not authority for the proposition that an aggregate sentence which does not offend *Henderson* must be broken into its components each one of which carries on resentencing the upper limit of that term which was originally imposed.

Precisely the same claim defendant raises before us was advanced and rejected in *People* v. *Savala* (1983) 147 Cal.App.3d 63, 67 [195 Cal.Rptr. 193]. Defendant Savala's first sentence was reversed because the trial court impermissibly used firearm use enhancements to calculate the length of defendant's consecutive sentences. (*Id.* at p. 65.) On resentencing the same aggregate term was imposed, but here, as in *Price,* the trial court that had initially imposed a midterm on the principal offense on resentencing imposed the upper term. (*Ibid.*) The court concluded that double jeopardy was not offended because the aggregate term had not been increased. (*Id.* at p. 69.) Moreover, it declined to view the sentence as a series of independent

components, arguing that to do so would undermine the structure of the determinate sentencing law in which the components of the aggregate sentence are interdependent. (*Id.* at p. 68.)

Adopting the reasoning of *Savala* the court in *People* v. *Calderon* (1993) 20 Cal.App.4th 82 [26 Cal.Rptr.2d 31] found no double jeopardy violation in resentencing defendant after a successful appeal to exactly the same term. Defendant's appeal had resulted in dismissal of one count of robbery because it was a lesser included offense of another count of which he had been convicted. The court noted the interdependence of the components of a determinate sentence as described in *Savala.* (See also *People* v. *Burns* (1984) 158 Cal.App.3d 1178, 1184 [205 Cal.Rptr. 356] [determinate sentence infirm under Penal Code section 654 would be remanded for resentencing or reconfiguration provided new sentence not to exceed the aggregate term first imposed to comply with double jeopardy].)[3]

*People* v. *Rojas* (1988) 206 Cal.App.3d 795 [253 Cal.Rptr. 786] is instructive on the question of what effect invalidation of a prior enhancement has upon the discretion of the trial court in selecting at resentencing an appropriate term for the present offense. In that case the defendant was charged with a count of burglary and while that charge was pending he was convicted of a rape which committed two days prior to the burglary. (*Id.* at p. 797.) Once the rape conviction had been obtained it was alleged as a prior felony in the burglary proceedings. The defendant was found guilty of the burglary and admitted the fact of the prior rape conviction. On appeal the court reversed the enhancement because the defendant had not been convicted of the prior (the rape) before he committed the present (burglary) offense. (*Id.* at p. 801.)

In remanding for resentencing, the court, without reference to double jeopardy, nonetheless noted that defendant's "aggregate term must be viewed as one prison term made up of independent components, the invalidity of one necessarily affecting the entire sentence. [Citation.] This precept

---

[3]Defendant further relies on *People* v. *Drake* (1981) 123 Cal.App.3d·59 [176 Cal.Rptr. 186] which we find to be totally inapposite. *Drake* was a case in which the trial court attempted to correct a sentence after it had been pronounced and therefore acted in excess of its jurisdiction. (*Id.* at p. 64.) The decision expressly did not reach the issue of double jeopardy. (*Id.* at p. 64, fn. 1.)

Nor does *People* v. *Espinoza* (1983) 140 Cal.App.3d 564 [189 Cal.Rptr. 543] aid his case. In that instance the trial court had imposed two arming enhancements of equal length under a statutory scheme that permitted imposing only the greater one. (*Id.* at p. 566.) Rather than remand the appellate court stayed imposition of the term for the second enhancement. (*Id.* at p. 567.) We take this result to be an instance in which the appellate court corrected a sentence that was not authorized. (*In re Harris* (1993) 5 Cal.4th 813, 842 [21 Cal.Rptr.2d 373, 855 P.2d 391].)

is especially apposite here since the trial court indicated that it selected the term imposed due to its belief that the five-year enhancement was mandatory." (*People* v. *Rojas, supra,* 206 Cal.App.3d at p. 802.)

Our understanding of the role of enhancements in the double jeopardy analysis is reinforced by the recent decision of the United States Supreme Court in *Monge* v. *California* (1998) 524 U.S. 721 [118 S.Ct. 2246, 141 L.Ed.2d 615]. In that case which held that retrial of a sentence enhancement allegation does not offend the United States Constitution's double jeopardy provisions the court described the character of a sentence based upon liability for enhancements. Such a sentence is not an additional penalty for the prior crimes defendant has committed but " 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one. [Citations.]' " (*Id.* at p. __ [118 S.Ct. at p. 2250].) Viewed in this manner defendant's sentence was solely a stiffened term for the burglary offense, admittedly consisting primarily of time imposed under the enhancements.

Had the outcomes of the two trials been reversed and had the first jury returned findings of not true on two of the enhancement allegations, double jeopardy would not have barred the People from retrying those allegations after defendant's successful appeal. (*Monge* v. *California, supra,* 524 U.S. at p. __ [118 S.Ct. at p. 2253] [construing United States Constitution]; *People* v. *Monge, supra,* 16 Cal.4th at p. 845 [California Constitution].) If that sequence of events does not invoke the bar of double jeopardy because the failure of proof as to the priors is not treated as an acquittal, then there is no logical reason to preclude the sentencing court after retrial from looking afresh at the term to be imposed for the present offense. Of course, in such a situation—as here—the aggregate term the court imposes at resentencing must not exceed the aggregate term initially imposed.

We conclude double jeopardy analysis does not require us to break defendant's aggregate sentence, which was no greater than his original sentence, into components so as to limit his sentence vulnerability on the burglary conviction to the mitigated term originally imposed.

### C.  *Swanson Rule**

. . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 1444.

*Disposition*

The judgment is affirmed.

Hanlon, P. J., and Reardon, J., concurred.

Appellant's petition for review for review by the Supreme Court was denied January 20, 1999.