[L. A. No. 11826. In Bank.—January 22, 1930.]

## THE PEOPLE, Petitioner, v. SUPERIOR COURT OF IMPERIAL COUNTY et al., Respondents.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Elmer W. Heald, District Attorney, and Edward B. Patterson, Deputy District Attorney, for Petitioner.

Hickcox, Trude & Johnson, R. B. Whitelaw and Utley & Nuffer, for Respondents.

SHENK, J.—This is an application for a writ of mandate to compel the respondent court and judge to enforce a judgment against the defendant Salvadore Maggio in an action (No. 1959) against him, charging manslaughter.

On the night of November 12, 1927, the defendant was returning in a truck to the Imperial Valley from Yuma, Arizona. About halfway between Yuma and Holtville the truck collided with a Ford car which had been left partly on the paved portion of the highway. The driver of the Ford car had stopped it at that place for the purpose of repairing a tube. The impact knocked the driver of the Ford car forward into another car which had stopped a few feet in front of the Ford car pending the tube repairs. From the injuries thus received the driver of the Ford car subsequently died, and Maggio was charged with manslaughter. The jury returned a verdict of guilty as charged in the information and a new trial was granted on February 14, 1928. On May 21, 1928, the defendant appeared before the court, entered a plea of guilty as charged and applied for probation. On June 1, 1928, he was sentenced to confinement in the state prison. The sentence was thereupon suspended and the defendant was placed on probation.

In another action in the same court (No. 1947) against this same defendant he was charged with a violation of section 367c of the Penal Code, so-called "failure to stop and render aid," etc., charge, committed on or about August 23, 1927. He was convicted in that action on November 16, 1927, four days after the commission of the manslaughter offense and the judgment of conviction was affirmed. (*People* v. *Maggio,* 90 Cal. App. 683 [266 Pac. 813].) The question is now presented whether it was within the power of the court to entertain and act upon an application for probation in the manslaughter charge in view of the fact

that after the commission of that offense he was convicted on the so-called "failure to stop and render aid," etc., charge.

Section 1203 of the Penal Code, as amended in 1927 (Stats. 1927, p. 1493), contains the provisions of the law under which application for and admission to probation were authorized in the action here involved. It is therein provided that after conviction or plea of guilty of a public offense, in cases where discretion is conferred on the court, the defendant may be placed on probation under the circumstances indicated in the section with the following proviso: "Further provided, however, that probation shall not be granted to any defendant who at the time of the perpetration of the crime or at the time of his arrest was armed with a deadly weapon (unless at the time he had a lawful right to carry the same), nor to one who used or attempted to use a deadly weapon in connection with the perpetration of the crime, nor to one who in the perpetration of the crime inflicted great bodily injury or torture, nor to any defendant unless the court shall be satisfied that he has never in any place been previously convicted of a felony. . . . "

It is the contention of the petitioner herein that the word "previously" used in the clause last above quoted has reference to the time when the court is passing upon the application for probation. The respondents contend that the word "previously" has reference to the time of the commission of the offense and that in any event the "second offense" rule laid down or approved in *In re Tung Fong,* 59 Cal. App. 499 [211 Pac. 32], and *People* v. *Rose,* 63 Cal. App. 762 [219 Pac. 1043], and kindred cases, should be applied. Those cases hold that in order to justify the heavier penalty the second offense must have been committed after conviction of the first.

There may be some analogy between the rule in "second offense" cases and in probation cases. In each the law imposes a more stringent penalty for the second offense. In the one case a more severe penalty is prescribed for the second violation of the same law. In probation cases a prior conviction of a felony in any place removes the defendant from the operation of the probation law and in so doing increases the penalty for the subsequent offense. The theory in both classes of cases is the same, in this, that the law as

to both bears down more heavily on those who have failed to respond to the corrective purposes inherent in the prior conviction. But whatever the foregoing analogy may be, we find in the theory of the probation law itself, as expressed in the statute, a legislative intent in harmony with the respondents' contention. Under section 1203 the court must, if permission to apply for probation be not denied, refer the matter to the probation officer for investigation and report "upon the circumstances surrounding the crime and concerning the defendant and his prior record, which may be taken into consideration either in aggravation or mitigation of punishment." It is made the duty of the probation officer to "make an investigation of circumstances surrounding the crime and the prior record and history of the defendant," and report the same to the court. The "prior record" obviously means the record of the defendant before the commission of the offense of which he has been convicted and as to which he is making an application for probation. If it appear that he has suffered a prior conviction of a felony, that fact is in aggravation of punishment by removing him from the application of the probation law. If no such prior record appear, discretion is then vested in the court to determine whether there were mitigating circumstances requiring, or that the ends of justice would be subserved by granting, probation. The frequent reference in the section to the "circumstances surrounding the crime" and to the time of "the perpetration of the crime," together with the general theory and purposes of the probation law, indicate persuasively an intention to use the word "previously" as applying to the time of the commission of the offense and not to the time when the application for probation is being passed upon.

We are, of course, not to be taken as holding or intimating that the court may not, in the exercise of its discretion in passing upon an application for probation, take into consideration any fact or circumstances concerning the defendant, developed at any time prior to the court's final action on the application. Circumstances might arise after the commission of the offense or even after conviction which would render a probationary order inadvisable. We are here dealing with a question of power to entertain the ap-

plication and not with the discretionary exercise of that power.

The peremptory writ is denied.

Richards, J., Seawell, J., Waste, C. J., Preston, J., Langdon, J., and Curtis, J., concurred.