[No. B014500. Second Dist., Div. Six. Aug. 22, 1986.]

THE PEOPLE, Plaintiff and Respondent, v.
MANUEL JULIAN ALBITRE, Defendant and Appellant.

**COUNSEL**

R. Mitchell Mays, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Ernest Martinez, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**STONE, P. J.—** ■ Manuel Julian Albitre appeals from the judgment entered upon his plea of guilty to causing bodily injury while driving under the influence of alcohol and drugs (Veh. Code, § 23153, subd. (a)), with true findings, made after a court trial as to one prior conviction for driving under the influence of drugs or alcohol and appellant's admission to another prior conviction for that offense, that appellant had two prior convictions of section 23152 (Veh. Code, § 23190.)[1] He contends that the contested "Prior Offense No. 2" which resulted in his conviction on September 21, 1984, could not be properly used to punish him as a third-time offender, since on the date he committed the present offense, September 7, 1984, a conviction of "Prior Offense No. 2" had not yet been entered.[2]

In the present matter, appellant was charged in the information with a September 7, 1984, violation of Vehicle Code section 23153, subdivisions

---

[1] All statutory references are to the Vehicle Code unless otherwise stated.

[2] Initially, appellate counsel filed a *Wende* brief. (*People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071].) Thereafter, this court requested briefing from the parties and appellant submitted a brief urging the above contention.

(a) and (b). The People also sought a sentence enhancement pursuant to former Vehicle Code section 23190 (Stats. 1982, ch. 1339, § 27) on the ground that appellant was a third-time offender. It was alleged that appellant had committed "Prior Offense No. 1" on December 18, 1982, a section 23152, subdivision (a), offense for which a judgment of conviction was entered on January 4, 1984. It was further alleged that appellant had also committed, "Prior Offense No. 2" on December 20, 1983, a section 23152, subdivision (b), offense for which a judgment of conviction was entered on September 21, 1984.

On April 25, 1985, appellant entered a plea of guilty to section 23153, subdivision (a), and admitted that "Prior Offense No. 1" was true. As to "Prior Offense No. 2," he waived jury trial and, on April 29, 1985, in a court trial, the second prior offense was found true. In the trial, the court rejected appellant's claim that the "prior offenses which resulted in convictions" described in section 23190 are limited to those offenses in which a conviction was entered before the commission of the present offense. In rejecting appellant's assertion, the trial court reasoned that since appellant committed prior offense No. 2 before he committed the present offense and his conviction of prior offense No. 2 occurred before appellant was convicted of the present offense, prior No. 2 satisfied the criteria of the section. The trial court then examined the factual basis for appellant's admission of the first prior conviction and found it to be true. Appellant was sentenced, in conformity with the enhanced provisions of section 23190, to a three-year midterm in state prison.[3]

Appellant's contention is unavailing. When appellant committed the present 1984 offense, section 23190 provided for enhanced punishment "[i]f any person is convicted of a violation of Section 23153 and *the offense occurred within five years of two or more prior offenses which resulted in convictions.* . . ." The language of section 23190 is clear and unambiguous. Its plain meaning is that the word "prior" defines the timing of the offenses which trigger enhanced punishment and not the timing of the conviction of the prior offense. Given the location of the word "prior" and of the phrase "which resulted in convictions" in the statute, it is manifest that the Legislature intended that convictions be used only as a mechanism for easily and reliably establishing at trial the truth of the prior offense. Consequently, a conviction for "Prior Offense No. 2" need not be entered prior to commission of the present offense before that prior offense may be utilized to enhance punishment under the provisions of section 23190. (*People* v.

---

[3]Had appellant sustained only one prior conviction, the relevant sentencing scheme under section 23185 would have permitted the trial court to sentence him only to terms of sixteen months, two or three years in state prison.

*Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380]; cf. *People* v. *Balderas* (1985) 41 Cal.3d 144, 201-204 [222 Cal.Rptr. 184, 711 P.2d 480].)

The judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.