[No. B027817. Second Dist., Div. Six. Dec. 16, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE ANTONIO ROJAS, Defendant and Appellant.

**COUNSEL**

Stephen L. Whiteside, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Mark Alan Hart John R. Gorey and Robert S. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STONE (S. J.), P. J.**—May a sentencing court impose a five-year enhancement, pursuant to Penal Code section 667, subdivision (a), for a prior conviction occurring after commission of the crime for which the defendant is presently being sentenced? We hold it may not.

Jose Antonio Rojas and a codefendant were charged in a one-count information with committing a residential burglary July 23, 1986. (Pen. Code, § 459.)[1] In addition, appellant was arrested for a rape committed July 21, 1986, and went to trial on that charge while proceedings were pending on the burglary. Appellant was convicted of rape April 2, 1987. The People amended the information in the burglary case to add allegations that, at the time defendant committed the burglary, Rojas was released from custody on his own recognizance for a felony offense within the meaning of Penal Code section 12022.1, and that appellant was convicted of a serious felony on April 2, 1987, rape (§ 261), within the meaning of section 667, subdivision (a).

April 7, 1987, a jury found defendant guilty of burglary in the first degree. He admitted the section 12022.1 allegation and further admitted that he had been convicted of rape April 2, 1987, but reserved the right to challenge the applicability of section 667, subdivision (a) to that conviction. May 1, 1987, the trial court sentenced appellant on both the rape and burglary convictions to a total of twelve and one-half years in state prison - six years for the rape and one and one-half years for the burglary to be served consecutively and five years for the section 667 violation. The court suspended the two-year section 12022.1 enhancement.

### DISCUSSION

Section 667, subdivision (a) provides in pertinent part that, ". . . any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively."

In *People* v. *Balderas* (1985) 41 Cal.3d 144, 201 [222 Cal.Rptr. 184, 711 P.2d 480], the California Supreme Court held that the "prior felony conviction[s]" described in section 190.3, subdivision (c), are limited to those entered *before commission* of the capital crime. Section 190.3 provides in

---

[1] All statutory references hereinafter are to the Penal Code unless otherwise specified.

pertinent part that the jury, " '[i]n determining the penalty, . . . shall take into account [as] relevant: . . . [¶] (c) The presence or absence of any prior felony conviction. . . .' " (*Id.,* at pp. 200-201.) In so holding, the Supreme Court noted that, "California courts have consistently so interpreted statutes which call for harsher penal treatment on the basis of 'prior convictions.' (E.g., *People* v. *McGee* (1934) 1 Cal.2d 611, 614 [36 P.2d 378] ['habitual criminal' enhancement]; *People* v. *Superior Court* (1930) 208 Cal. 688, 691 [284 P. 449] [] [eligibility for probation]; *In re Pfeiffer* (1968) 264 Cal.App.2d 470 476 [70 Cal.Rptr. 831] [] [same]; *People* v. *Diaz* (1966) 245 Cal.App.2d 74, 77 [53 Cal.Rptr. 666], and fn. 1, pp. 77-78 [] [eligibility for narcotics addiction treatment deferral]; cf., *In re Calhoun* (1976) 17 Cal.3d 75, 81 [130 Cal.Rptr. 139, 549 P.2d 1235] [] [court's power to decide whether defendant with 'prior existing conviction' shall serve terms concurrently or consecutively].) The presumed rationale of such laws is that an offender undeterred by his *prior brushes with the law* deserves more severe criminal treatment. (*Diaz, supra,* at fn. 1.)" (41 Cal.3d 144, 201, italics in *Balderas.*)

In *People* v. *McGee, supra,* 1 Cal.2d 611, the information charged defendant with the crime of rape committed on or about March 30, 1926. A prior conviction of October 17, 1927, was also charged. The Supreme Court held that the judgment was improper because the alleged prior conviction took place subsequent to the offense for which defendant was presently prosecuted. (*Id.,* at p. 614.) The court noted that section 969 provides that, "in charging a previous conviction, it is sufficient to state that 'the defendant, *before* the commission of the offense charged in this indictment or information,' was convicted of a felony. The burglary conviction of defendant was not a 'prior conviction' under this section." (*Ibid.,* italics in *McGee.*) The court stated that the difficulty with former section 1168, subdivision (2), imposing a five year minimum term upon anyone previously convicted of a felony was that "it would appear to impose a punishment where there has been no pleading and proof to justify it. In other words, section 969 provides for charging a prior conviction, and an information such as the one involved herein does not fulfill the statutory requirement." (*Ibid.*)

Respondent argues that *Balderas* is distinguishable from the facts before us here because the purpose of section 190.3 is to provide insight into the defendant's character and possibly to add a factor in aggravation in the penalty phase of a death penalty trial. Subdivision (c) allows the jury to consider prior felony convictions to demonstrate that "the capital offense was the *culmination of habitual criminality* . . . undeterred by the community's previous criminal sanctions." (41 Cal.3d. at p. 202, italics in original.) Consequently, respondent explains, the entire focus of section 190.3 is

retrospective and does not seek to deter future behavior as does section 667, subdivision (a).

We are unconvinced by that argument. Although section 190.3, subdivision (c) is directed neither to deterring misconduct nor to fostering rehabilitation, the cases the Supreme Court cited with approval do concern various applications of the rule enunciated by *Balderas* consonant with those purposes. In *People* v. *Diaz, supra,* 245 Cal.App.2d 74, 77, the court held that a narcotics addict was subject to the mandatory 15 years to life penalty for third offenders only if the defendant had been twice convicted before the instant offense. As stated in *Diaz,* "Although not passed upon as yet by any California appellate court, it would appear that logically, and in accord with the spirit and purpose of the statutes increasing punishment for individuals who have failed to reform after being given one or more chances so to do, a conviction that is not a second should not serve to make a subsequent offense a third. . . . [¶] 'But, regardless of the difference in phraseology [of the various state statutes], the preponderance of authority supports the view that the prior convictions, in order to be available for imposition of increased punishment of one as a habitual offender, must precede the commission of the principal offense, that is, the latest prosecution in point of time. In this connection, it has been brought out in numerous cases that, although differing somewhat in language, the same principle is inherent in a habitual criminal statute, namely, that the legislature in enacting such a statute intended it to serve as a warning to first offenders and to afford them an opportunity to reform, and *that the reason for the infliction of severer punishment for a repetition of offenses is not so much that defendant has sinned more than once as that he is deemed incorrigible when he persists* in violations of the law after conviction of previous infractions.' " (*Id.,* at pp. 77-78, fn.1, italics in *Diaz.*)

■ The California Supreme Court articulated in *People* v. *Weidert* (1985) 39 Cal.3d 836, 845-846 [218 Cal.Rptr. 57, 705 P.2d 380] that where the language of a statute uses terms that have been judicially construed, a strong presumption exists that the terms have been used in the precise manner which the courts have placed upon them. This principle also applies to legislation added by initiative, as was section 667. (*Id.,* at p. 846.) Although the basic purpose of section 667 is the deterrence of recidivism (*People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736]), it is difficult to envision how one can "relapse" into criminal behavior within the meaning of an habitual criminal statute before one's prior conduct has been adjudicated as criminal and resulted in punishment.

Respondent asserts that *People* v. *McGee, supra,* is not controlling because section 969 is inapplicable to section 667, subdivision (a). Section 969

still reads, as it has since 1951, "In charging the fact of a previous conviction of felony, . . . it is sufficient to state, 'That the defendant, before the commission of the offense charged herein, was in (giving the title of the court in which the conviction was had) convicted of a felony . . . .' " According to respondent, many of the prior conviction statutes, by their terms, cannot be pleaded in such a manner that requires conviction of the old offense prior to the commission of the new offense. For example, Vehicle Code sections 23165, 23170, 23175, 23185, and 23190 all provide for increased punishment if the person is convicted in the present offense and that offense "occurred within" a certain number of years of a separate violation of section 23152 or 23153 which resulted in a conviction. These statutes, however, do not aid respondent as they specifically do not refer to "prior convictions" or "previously convicted."

In *People* v. *Albitre* (1986) 184 Cal.App.3d 895 [229 Cal.Rptr. 289], this court held that Vehicle Code, section 23190 speaks of prior offenses and not prior convictions. "Its plain meaning is that the word 'prior' defines the timing of the offenses which trigger enhanced punishment and not the timing of the conviction of the prior offense. Given the location of the word 'prior' and of the phrase 'which resulted in convictions' in the statute, it is manifest that the Legislature intended that convictions be used only as a mechanism for easily and reliably establishing at trial the truth of the prior offense." (*Id.,* at p. 897.) Accordingly, we held in *Albitre* that conviction for a prior offense need not have occurred prior to commission of the present offense before that prior offense may be utilized to enhance punishment under the provisions of section 23190. (*Ibid.*)

By contrast, section 667 employs the phrase "any person convicted of a serious felony who *previously has been convicted* of a serious felony . . . shall receive, . . . a five-year enhancement for *each such prior conviction* . . . ." Thus, the words "prior" and "previous" modify "convicted" and "conviction" here in contrast to the term "offense." Moreover, the statutory language of section 969 is strong indication that the Legislature considers a prior felony conviction as one which precedes the commission of the offense charged. Had the drafters of Proposition 8, of which section 667 is a part, intended a different meaning, they could have employed language similar to that used in the Vehicle Code sections discussed, *ante.* They did not. (See *People* v. *Woodhead* (1987) 43 Cal.3d 1002, 1009-1010 [239 Cal.Rptr. 656, 741 P.2d 154].)

Nevertheless, respondent argues that nowhere in section 667 is there a provision that the prior conviction must have been entered before the commission of the present offense. According to respondent, the defendant need only to have been convicted of the prior offense before he is

convicted of the present offense. Additionally, respondent persists, since "conviction" has been interpreted to mean the verdict of guilt rather than the judgment (see, e.g., *People* v. *Clapp* (1944) 67 Cal.App.2d 197, 200 [153 P.2d 758]), appellant was "convicted" of the prior offense before he was convicted on the instant offense.

We need not discuss here whether the term "convicted" means (1) verdict or plea of guilty or (2) the judgment following the verdict (see *In re Sonia G.* (1984) 158 Cal.App.3d 18, 22 [204 Cal.Rptr. 498]; *Helena Rubenstein Internat.* v. *Younger* (1977) 71 Cal.App.3d 406, 413 [139 Cal.Rptr. 473]) because the ambiguity in section 667 pertinent to the facts in this case does not lie in whether appellant was convicted of the rape before he was convicted of the burglary; it lies in whether he must have been convicted of the prior offense (whether by verdict or judgment we need not resolve here) before the *commission* of the present offense.

In *People* v. *Shivers* (1986) 181 Cal.App.3d 847 [226 Cal.Rptr. 293], the appellate court held that an enhancement pursuant to section 667.5, subdivision (b), could not be imposed where the prior prison term was for a crime committed after the commission of the crimes for which defendant is presently being sentenced. Section 667.5 imposed a one-year term for each prior separate prison term served for a felony where the new offense is any felony for which a prison sentence is imposed. *Shivers* held that while 667.5 was silent on whether the prior prison term must be for an offense which occurred prior to the new offense, the purpose of deterring recidivism would not be effectuated by enhancing the penalty for a present crime by an offense not yet committed. (*Id.,* at p. 850.)

Similarly here, the purpose of deterring recidivism would not be furthered by imposing enhanced punishment on a person who was not previously convicted of a serious felony before the commission of the present offense. Like section 667.5, we find that section 667 is ambiguous and subject to differing interpretations. ■ As our Supreme Court has made clear, a defendant must be given every reasonable doubt whether a criminal statute is applicable to him. (*People* v. *Caudillo* (1978) 21 Cal.3d 562, 576 [146 Cal.Rptr. 859, 580 P.2d 274]; *People* v. *Shivers, supra,* 181 Cal.App.3d at p. 850.) When the statutory language is susceptible of two constructions, we are required to construe the statute as favorably to the defendant as its language and the circumstance of its application reasonably permit and give the defendant the benefit of every reasonable doubt concerning the strict interpretation of words or the construction of a statute. (*People* v. *Overstreet, supra,* 42 Cal.3d 891, 896.) " '[S]ince the state makes the laws, they should be most strongly construed against it.' " (*People* v. *Weidert, supra,* 39 Cal.3d 836, 848.)

■ As appellant points out, respondent's interpretation of the statute would lead to illogical and inconsistent results. Imposition of the enhancement would depend upon the prosecutor's election to plead offenses committed at different times in separate informations or the defendant's success in moving for joinder of offenses for trial. The trial court would then be placed in the position of deciding, prior to trial, whether the defendant merits sentencing pursuant to the habitual criminal statute rather than pursuant to section 669 which applies when the court sentences an offender convicted of two or more crimes. This pretrial decision would amount to "the usurpation of the legislative function by the judiciary in the enforcement of a penalty where the legislative branch did not clearly prescribe one." (*People* v. *Weidert, supra,* 39 Cal.3d at p. 848.)

Consequently, we hold that, to be subject to the five-year enhancement pursuant to section 667, subdivision (a), a defendant's prior serious felony conviction must have occurred before the commission of the present offense. Since we find the five-year enhancement must be stricken, we need not discuss appellant's other challenges to its imposition.

■ Appellant's aggregate term must be viewed as one prison term made up of independent components, the invalidity of one necessarily affecting the entire sentence. (*People* v. *Burns* (1984) 158 Cal.App.3d 1178, 1183 [205 Cal.Rptr. 356].) This precept is especially apposite here since the trial court indicated that it selected the term imposed due to its belief that the five-year enhancement was mandatory. Otherwise, the trial court stated, it might have considered sentencing appellant under the harsher sentencing scheme of section 667.6, subdivision (c). Therefore, the trial court should have the opportunity to resentence appellant.

■ The judgment is affirmed, but the matter is remanded for the trial court to strike the five-year enhancement and resentence appellant.

Gilbert, J., and Abbe, J., concurred.

Respondent's petition for review by the Supreme Court was denied March 16, 1989. Kaufman, J., was of the opinion that the petition should be granted.