Filed 2/16/21  P. v. James CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D076831 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE386635) |
| AARON JAMES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Lantz Lewis, Judge.  Sentence vacated and remanded with directions.

Carl Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Aaron James appeals challenging only the sentence imposed. Specifically, James contends the court erred in imposing five-year terms for

each of the alleged serious felony priors (Pen. Code,[1] § 667, subd. (a)(1)). The three convictions resulted from a single proceeding, thus only one five-year term could lawfully be imposed. Second, James argues we must reverse the true finding on the one year prison prior in light of Senate Bill No. 136, which modified the definition of a "prison prior." The Attorney General correctly agrees James could only receive one five-year enhancement for the serious felony convictions and that we should strike the true finding on the prison prior.

We will remand the case for resentencing with directions to strike two of the five-year enhancements and to strike the true finding on the prison prior. The trial court must conduct a new sentencing hearing on remand in light of our decision.

## PROCEDURAL BACKGROUND

A jury convicted James of one count of residential burglary (§§ 459 and 460, subd. (a); count 1); misdemeanor petty theft (§§ 484 and 488; count 2); and misdemeanor vandalism (§ 594, subds. (a), (b)(2)(A); count 3). James admitted four strike priors (§ 667, subd. (b)-(i)).

The court struck the four strike priors in order to limit the sentence to 21 years. The 21-year term was comprised of the upper term of six years for the burglary conviction and three five-year terms for the three serious felony priors.

James filed a timely notice of appeal.

## DISCUSSION

### A. The three serious felony prior convictions

The three serious felony priors at issue here were based on convictions for three serious felonies prosecuted in a single proceeding in 2009 (Case

---

[1] All further statutory references are to the Penal Code.

No. SCE285683).  The trial court imposed a five-year consecutive term for each of the enhancements.  As the parties agree, such sentence was contrary to the provisions of section 667, subdivision (a)(1) and is therefore unauthorized.

Section 667, subdivision (a)(1) states in part:  "Any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."

In order to be brought and tried separately, the underlying proceedings must have been formally distinct, from filing to adjudication of guilt.  (*In re Harris* (1989) 49 Cal.3d 131, 136.)  Here the three priors arise from the same proceeding and are thus unauthorized.  The remedy is to vacate the sentence and to remand the case to the trial court for resentencing.[2]  (*People v. Rojas* (1988) 206 Cal.App.3d 795, 802.)

### B.  The Prison Prior

The trial court imposed a one-year term for the prison prior alleged under section 667.5, subdivision (b) and stayed the term.  Again, the parties recognize the action is unauthorized.

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) changed the definition of such prior conviction enhancements. Enhancements under section 667.5 now are limited to prior prison terms served for violent sexual offenses.  The prison prior alleged in this case no

---

[2]    The Attorney General asks the court to direct that the prosecution may file an amended information if it wishes to do so.  The question of whether an amendment of the information should be allowed requires the court to speculate whether the prosecution might wish to take such action.  The matter is better left to the trial court to determine if such request is made. We decline to address the issue in this opinion.

longer qualifies. Under the direction of *In re Estrada* (1965) 63 Cal.2d 740, we must apply the law retroactively to cases not final as of the effective date of the new statute. (*People v. Graves* (2020) 46 Cal.App.5th 231, 236-237.)

Accordingly, we will direct the trial court to strike the true finding for the alleged prison prior.

## DISPOSITION

The sentence is vacated, and the matter remanded to the trial court for resentencing as appropriate. The court is directed to strike two of the five year prior conviction enhancements and strike the true finding on the prison prior. We express no opinion regarding the ultimate sentence the court should impose on remand.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

GUERRERO, J.

4