Filed 3/30/22  P. v. Young CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D'ANDRE CHANDLER YOUNG,<br><br>        Defendant and Appellant. | A163082<br><br>(Napa County<br>Super. Ct. No. CR182880) |

D'Andre Chandler Young appeals from a sentence of 16 months in prison after he pled no contest to one count of attempted robbery.  He contends the trial court erred in ruling he was presumptively ineligible for probation.  We agree and will remand for a new sentencing hearing.

**BACKGROUND[1]**

In March 2017, Young passed a note to a teller in a bank branch in American Canyon demanding money and saying he

---

[1] There was no trial in this matter, so we, like the parties, rely on the presentencing probation report for the facts concerning Young's offense.  The probation report was transmitted to this court as a confidential record.  We interpret

1

had a gun and pipe bombs. The teller handed Young about $3,300 and he left.

Images of Young from video surveillance resembled the suspect in a robbery of a bank branch in Corte Madera. Police in Marin County identified Young as the suspect. About a week after the American Canyon incident, Young was arrested in Solano County and transported to the Marin County jail. In November 2017, Young was convicted of robbery for the Corte Madera incident and sentenced to state prison.[2]

After Young was released on parole from the prison sentence for the Corte Madera incident, he was charged in this case with second degree robbery (Pen. Code,[3] § 211), criminal threats (§ 422), and second degree commercial burglary (§ 459) for the American Canyon incident. The prosecution later amended the information to add a fourth count, attempted robbery (§§ 211, 213, subd. (b), 664). The same day that the

---

Young's reliance on it in his brief, which he filed without redactions or a sealing request, as a waiver of the confidentiality of the report. (See Cal. Rules of Court, rule 8.47(c)(1) [publicly-filed documents may not "disclose material contained in a confidential record, including a record that, by law, a party may choose be kept confidential in reviewing court proceedings *and that the party has chosen to keep confidential,*" italics added]; see also Cal. Rules of Court, rule 8.47(c)(2) [to maintain confidentiality, a party may file a motion to file a document under seal].)

[2] The record is unclear on whether the Corte Madera incident was a robbery or attempted robbery. For simplicity, we describe it as a robbery.

[3] Undesignated statutory references are to the Penal Code.

amended information was filed, Young pled no contest to the attempted robbery count in exchange for a maximum sentence of 16 months in prison, dismissal of the remaining counts, and waiver of his right to appeal.

The probation report stated that Young had committed and been convicted of four felonies at that time: (1) in March 2015, he committed assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), for which he was convicted in February 2016; (2) in October 2016, he committed second degree burglary (§§ 459, 460, subd. (b)), for which he was convicted in May 2018; (3) in March 2017, he committed a robbery in Marin County (§ 211), for which he was convicted in November 2017 (this was apparently the Corte Madera robbery); and (4) in May 2017, he acted as an accessory after a felony (§ 32), for which he was convicted in June 2019. The probation report also noted that there was a felony arrest warrant for Young for misdemeanor driving on a suspended license and felony violation of bringing contraband into a jail.

The report asserted that Young was presumptively ineligible for probation because of these four prior felony convictions and stated there were no unusual circumstances to overcome this presumption. Like the probation report, the prosecution's sentencing brief stated that Young was presumptively ineligible for probation due to his numerous felony convictions. The probation report and the prosecution's sentencing brief both discussed various factors affecting the trial court's decision whether to grant probation, and both urged the

3

trial court to deny probation and sentence Young to 16 months in prison.

The sentencing brief submitted by Young's counsel assumed that Young was presumptively ineligible for probation, since it argued only that the case was unusual enough to warrant probation despite the presumption. Young's brief described how, while he was in Marin County jail on the Corte Madera robbery, he sent a section 1381[4] demand to Napa County. Because Young was not yet in prison, the Napa County District Attorney did not act on the demand. The Napa County Sheriff's Office then cancelled the warrant from the warrant filing systems, so, according to Young, when he was transferred to prison, he was still unable to complete the section 1381 process. Only after Young was released on parole did the Napa County Sheriff's Office re-enter the warrant. Young asserted in his sentencing brief that had his attempt to invoke section 1381 been successful, he would have been sentenced to eight months in prison and would have served one-third of it, so that a sentence of 160 days in county jail and probation would achieve the same result.

At the sentencing hearing in July 2021, the trial court noted that Young committed the Corte Madera robbery and the American Canyon attempted robbery at close to the same time and had a more recent charge for bringing drugs into the jail. The court then stated, "And he has two prior felony convictions

---

[4] Section 1381 generally allows a defendant sentenced to a custodial term of more than 90 days to request a speedy resolution of other pending proceedings in which the defendant remains to be sentenced.

4

prior to these two offense dates on the robbery, which makes him presumably ineligible for probation. [¶] I'm not going to find that this is an unusual case. It's a robbery where he went in and walked out with $3300 in cash. And that money was never recovered. [¶] And at this point I think he is getting a very generous deal. [¶] I am going to deny probation." The court then sentenced Young to 16 months in prison.

## DISCUSSION

"Probation is generally reserved for convicted criminals whose conditional release into society poses minimal risk to public safety and promotes rehabilitation. [Citation.] A defendant's eligibility for probation is determined, by deductive reasoning, from statutes identifying the types of offenses or offenders who are ineligible to receive it. It is absolutely unavailable as a sentencing choice in many serious felony cases and presumptively unavailable in others unless 'unusual' circumstances are present and the 'interests of justice' are best served thereby." (*People v. Welch* (1993) 5 Cal.4th 228, 233.) The Rules of Court state that at sentencing, a trial court "must determine whether the defendant is eligible for probation. In most cases, the defendant is presumptively eligible for probation; in some cases, the defendant is presumptively ineligible; and in some cases, probation is not allowed." (Cal. Rules of Court, rule 4.413(a).) Section 1203, subdivision (e)(4) establishes one of the categories of offenders who are presumptively ineligible for probation, stating, "Except in unusual cases in which the interests of justice would best be served if the person is granted

5

probation, probation shall not be granted to . . . [¶] . . . [¶] [a]ny person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony."

Only convictions that occurred before the defendant committed a later offense can render that defendant presumptively ineligible for probation under section 1203, subdivision (e)(4); it is not enough that the convictions for the prior felonies occurred before sentencing on the later offense. (*People v. Superior Court* (1930) 208 Cal. 688, 691 [construing prior version of § 1203 that made one prior felony conviction an absolute bar to probation]; *People v. Balderas* (1985) 41 Cal.3d 144, 201 [California courts have consistently interpreted statutes that increase punishment for a later offense based on prior convictions as limited to prior convictions entered before the commission of the later offense, citing *People v. Superior Court*].) We independently evaluate a ruling that a defendant is presumptively ineligible for probation. (*People v. Nuno* (2018) 26 Cal.App.5th 43, 50.)

The trial court erred in ruling Young was presumptively ineligible for probation for having two prior felony convictions. As Young points out, at the time he committed the attempted robbery at issue here, he had been convicted of only one other felony: assault by means of force likely to produce great bodily injury, for which he was convicted in February 2016. He had committed two other felonies before the attempted robbery, but he was not convicted for them until after the attempted robbery.

6

Thus, under *People v. Superior Court*, *supra*, 208 Cal. at page 691, he was not presumptively ineligible for probation.

The Attorney General appears to concede that the trial court erred in ruling Young was presumptively ineligible for probation.[5] Rather than supporting the trial court's ruling on presumptive ineligibility, he argues only that the judgment should be affirmed on the basis that the error was harmless. He relies on the principle that "[e]ven if a trial court has stated both proper and improper reasons for a sentence choice, 'a reviewing

_____

[5] The Attorney General did not respond to Young's arguments in his opening brief that (1) the waiver of the right to appeal in his plea bargain did not prevent him from challenging the denial of probation; (2) he did not forfeit his challenge to his sentence by failing to object in the trial court; and (3) his challenge is not moot, even though he has likely already been released from prison on parole, because his parole period is three years and a probation term would be two years. We treat the Attorney General's silence as a concession that these arguments are correct. (*People v. Bouzas* (1991) 53 Cal.3d 467, 480.) In any event, we would side with Young on these threshold questions even had the Attorney General not conceded. (*People v. Sherrick* (1993) 19 Cal.App.4th 657, 659 (*Sherrick*) [generic waiver of right to appeal in plea bargain did not waive right to appeal error in determining probation eligibility]; *People v. Lua* (2017) 10 Cal.App.5th 1004, 1014 [declining to address forfeiture argument and examining merits to forestall claim of ineffective assistance of counsel]; §§ 3000.08, subd. (a)(1) [requiring parole for inmates released after serving prison sentence for serious felonies under § 1192.7, subd. (c), which includes attempts to take money from a bank by violence or intimidation], 3000, subd. (b)(2)(B) [parole period is three years for such inmates], 1203.1, subd. (a) [probation shall not exceed two years].) Because we do not find Young forfeited his claim of sentencing error, we need not address his argument in the alternative that any such forfeiture was due to ineffective assistance of counsel.

court will set aside the sentence only if it is reasonably probable that the trial court would have chosen a lesser sentence had it known that some of its reasons were improper.' " (*People v. Jones* (2009) 178 Cal.App.4th 853, 861.) This argument is based on the familiar test for harmless error from *People v. Watson* (1956) 46 Cal.2d 818, 836, which asks whether there is a reasonable probability that the outcome of a hearing would have been more favorable to a defendant absent the error.

We agree with Young that remand for resentencing is necessary. "To exercise the power of judicial discretion all the material facts in evidence must be both known and considered, together also with the legal principles essential to an informed, intelligent and just decision." (*People v. Surplice* (1962) 203 Cal.App.2d 784, 791.) The trial court's exercise of its discretion to deny Young probation was based on a misapprehension of the legal parameters of that discretion. The trial court did not start from the premise that Young was eligible for probation and then determine whether the relevant criteria (such as those set forth in the California Rules of Court, rule 4.414) warranted a grant or denial of probation, as it should have. Instead, it started from the premise that probation was not warranted and decided whether anything about the case made it unusual enough to grant probation. Young had to labor uphill to convince the trial court to award probation instead of arguing on a level playing field.

Given the nature of the trial court's error, "[w]e cannot 'save' the judgment on a harmless error analysis. . . . [T]he trial

court's comments unquestionably demonstrate that it was laboring under a false impression of appellant's legal status. Where, as here, '. . . the sentencing court bases its determination to deny probation in significant part upon an erroneous impression of the defendant's *legal* status, fundamental fairness requires that the defendant be afforded a new hearing and "an informed, intelligent and just decision" on the basis of the facts.' " (*Sherrick, supra,* 19 Cal.App.4th at p. 661.)

The Attorney General points out that even if Young's convictions did not make him presumptively ineligible for probation, the trial court could still rely on them to deny probation. The Attorney General also recites various other facts from the probation report that would support a denial of probation, such as Young's use of a gun and pipe bombs during the offense, the sophisticated or professional nature of the crime, and an evaluation that rated Young as being at high risk of reoffending.

The Attorney General is correct that the trial court's error did not affect the total scope of its discretion. Even had it found Young presumptively eligible, it still could have denied probation based on various facts recited in the probation report. But that is not determinative. In *People v. Ruiz* (1975) 14 Cal.3d 163, a trial court denied the defendant's request for probation after he was convicted of possession of heroin for sale. (*Id.* at pp. 166–167.) The Supreme Court modified that conviction to simple possession based on a flaw in the jury instructions. (*Id.* at pp. 165, 168.) It then remanded for resentencing. (*Id.* at pp. 167–168.) The

Supreme Court acknowledged that when the trial court denied probation originally, "the sentencing court was not only aware of the scope of its discretion in the matter but clearly exercised that discretion in denying defendant probation." (*Id.* at p. 168.) But the Supreme Court recognized that the trial court had "relied significantly if not wholly" on the fact that the defendant had been convicted of possession of heroin for sale when it denied probation, which conviction the Supreme Court had just modified. (*Ibid.*) The Supreme Court therefore concluded, "In these circumstances defendant is now entitled to a new sentencing hearing 'in which the court can exercise its judgment upon the basis of a sound presentation of his legal status.' " (*Ibid.*)

As in *Ruiz*, because the trial court here relied significantly on the fact that Young was presumptively ineligible for probation, Young is now entitled to a new hearing in which the trial court can exercise its judgment based on a sound understanding of Young's legal status. (See *People v. Nuno*, *supra*, 26 Cal.App.5th at p. 52 [following *Ruiz*].) The trial court may either grant probation or deny it as it did before; we express no opinion on the appropriate sentence. But however the trial court rules, Young is entitled to a sentencing based on a correct understanding of the material facts and legal principles.

We recognize that even when a trial court fails to exercise discretion at all because of a legal error, appellate courts will nonetheless affirm the judgment if the record shows how the trial court would have ruled. (*People v. McDaniels* (2018)

22 Cal.App.5th 420, 425.) In such a scenario, remand would be an idle act. (*Ibid.*) This exception is not applicable here. The probation report discussed many factors and circumstances that would support a denial of probation, but the trial court made only a few points in its ruling. First, it found that the Corte Madera robbery and American Canyon attempted robbery occurred close in time. Second, it found Young had not been law abiding after the attempted robbery, since he was later arrested for bringing drugs into the jail and presumably had an outstanding warrant for that offense. Third, it stated that Young obtained $3300 in cash that was never recovered. Finally, the court remarked that Young was getting "a very generous deal." This last remark was apparently a reference to the plea bargain provision setting a maximum prison sentence of 16 months.[6]

These remarks could be construed as the Attorney General does, as indications that the trial court would never have granted

_____

[6] Young further asserts the trial court believed that his plea bargain had allowed him to avoid a five-year enhancement under section 667, subdivision (a) for having a prior conviction for a serious felony, and he argues this was erroneous because his only conviction for a serious felony occurred after the attempted robbery at issue here. This argument relies primarily on a remark the trial court made at a prior sentencing hearing, at which it granted a continuance. Young appears to be correct that he could not have been charged with an enhancement under section 667, subdivision (a), for the reasons he states. (*People v. Rojas* (1988) 206 Cal.App.3d 795, 802.) However, it is not clear that the trial court's sentence was based on its belief that Young could have been so charged, since it did not repeat the remark at the final sentencing hearing. But we need not resolve the issue in light of our remand for resentencing. Young is free to raise this argument in the trial court on remand.

probation.  But that interpretation is not so clear cut as to make a remand for resentencing an idle act.  Because the trial court believed Young was presumptively ineligible for probation, all these remarks could have been intended merely to justify its conclusion that Young's case was not so unusual as to warrant probation.

Nor would it have been an abuse of discretion for the trial court to grant probation.  The probation report noted several mitigating factors that would have supported such a sentence if the trial court chose to emphasize them over contrary aggravating factors.  These included Young's expression of remorse, his motivation for the offense being to provide necessities for himself or his family, his voluntary acknowledgement of wrongdoing at an early stage of the proceedings, and the probation officer's assessment that Young had a minimal likelihood of being a danger to others due to not having any new convictions in two years.  Most significantly, the probation report stated that Young "would have been granted probation" but for his ineligibility.  Young also submitted six character letters averring that he had gotten sober and reformed after his last prison sentence.  (Adv. Com. com. to Cal. Rules of Court, rule 4.414 [in most cases, trial court "will have to balance favorable and unfavorable facts" to make an "overall evaluation of the likelihood that the defendant will live successfully in the general community"].)  We therefore cannot agree with the Attorney General that the trial court's error was harmless.

## DISPOSITION

The matter is remanded for resentencing.  In all other respects, the judgment is affirmed.


                                        BROWN, J.


WE CONCUR:

POLLAK, P. J.
STREETER, J.


*People v. Young* (A163082)